**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| VERONICA CONNOR, individually and on behalf of all others similarly situated<br><br>   v.<br><br>UNIFUND CCR, LLC | CIVIL ACTION<br><br>NO. 19-1375 |
|---|---|

## MEMORANDUM RE: MOTION TO DISMISS

Baylson, J.                   June 27, 2019

   This putative class action involves alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692g, by Defendant Unifund CCR, LLC in sending a debt collection letter containing misleading and deceptive language to Plaintiff Veronica Connor and members of the putative class. Unifund now moves to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 3).

   For the reasons stated below, the Motion to Dismiss is DENIED.

## I.  Factual and Procedural History

   Taking Connor's allegations as true from her Class Action Complaint (ECF 1, "Compl." or "Complaint"), the facts are as follows. On January 21, 2019, Connor received a letter (ECF 1 at Ex. A, the "Letter") from debt collector Unifund attempting to collect a debt allegedly owed to Comenity Capital Bank. (Compl. at ¶¶ 12-18). The Letter stated in relevant part:

> You may contact this office to address this matter by calling 888-384-8171.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the debt, or any portion thereof, this office will obtain verification of the debt…. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Ex. A; Compl. at ¶¶ 21-22). [1]

Connor alleges that she was harmed as a result of receiving the Letter because Unifund did not clearly advise her that she must dispute any alleged debt in writing, as required by the FDCPA. (Id. ¶¶ 23-25, 32-33). Connor further alleges that Unifund's actions "are part of a pattern and practice used to collect consumer debts." (Id. ¶ 34). She thus asserts the following counts on behalf of herself and all other similarly situated Pennsylvania consumers:

Count I:     Violation of FDCPA § 1692e (prohibiting false and misleading statements).

Count II:    Violation of FDCPA § 1692g (governing proper validation notices).

The Complaint seeks damages and declaratory and injunctive relief. (Id. ¶ 6).

Unifund moved to dismiss the Complaint in its entirety on May 1, 2019. (ECF 3, "Mot." or "Motion"; see also ECF 3-1, "Def.'s Br."). Connor responded in opposition on May 15, 2019. (ECF 4, "Pl.'s Resp."). Despite the absence of a reply, the Motion is now fully briefed and ripe for review.

## II.     Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal,

---

[1] In deciding motions to dismiss, the court may consider undisputedly authentic documents that form the basis of a claim, i.e. "are integral to or explicitly relied on in the complaint." Hollander v. Ranbaxy Labs. Inc., No. CIV.A. 10-793, 2011 WL 248449, at *3 (E.D. Pa. Jan. 24, 2011) (Baylson, J.) (citing Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997)).

556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

The Court in <u>Iqbal</u> explained that, although a court must accept as true all the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. <u>Iqbal</u>, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678 (citing <u>Twombly</u>, 550 U.S. at 555); <u>see also</u> <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008) (citing <u>Twombly</u>, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

## III. Discussion

### A. Section 1692g (Governing Proper Validation Notices)

Connor asserts that the language of the Letter fails to inform the least sophisticated debtor that she may only effectively dispute the validity of the debt in writing. (<u>Compl</u>. at ¶ 53). The use of the word "if" in the Validation Notice, particularly following Unifund's invitation to contact its office via telephone to "address this matter," allegedly frames written communication as a sufficient rather than necessary condition of a valid dispute, thus "implying that such disputes may be made verbally as well." (<u>Id.</u>; <u>see also</u> Pl.'s Resp. at 7).

The governing statute, 15 U.S.C. § 1692g, was enacted to ensure debtors would receive "adequate notice" of their rights under the FDCPA, which broadly protects consumers from abusive debt collection practices. <u>Caprio v. Healthcare Revenue Recovery Grp., LLC</u>, 709 F.3d

142, 148 (3d Cir. 2013) (citing <u>Wilson v. Quadramed Corp.</u>, 225 F.3d 350, 354 (3d Cir. 2000)). Under § 1692g(a)(3), debt collectors must provide consumers, either in the initial communication or within five days afterwards, with a written notice stating that the collector will assume the debt is valid unless the consumer "disputes the validity of the debt, or any portion thereof" within thirty days. The written notice must also state that, "if the consumer notifies the debt collector in writing within the thirty-day period that the debt…is disputed, the debt collector will obtain verification of the debt." 15 U.S.C. § 1692g(a)(4). Consumers may also submit a written request for the information of the original creditor. <u>Id.</u> § 1692g(a)(5). If the consumer does dispute the debt in writing within the prescribed time period, the debt collector must obtain verification of the debt before continuing collection efforts. <u>Id.</u> § 1692g(b).

A collection letter violates § 1692g if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." <u>Caprio</u>, 709 F.3d at 152 (citation omitted). Consequently, mere inclusion of a validation notice is insufficient to satisfy § 1692g; the validation notice must be "conveyed *effectively* to the debtor" and not "overshadowed or contradicted by accompanying messages." <u>Id.</u> at 148 (emphasis added) (citations omitted). While only subsections (a)(4) and (a)(5) expressly require debtors to communicate in writing to exercise their relevant rights, the Third Circuit has read subsection (a)(3) to also require consumers to dispute their debt in writing. <u>Graziano v. Harrison</u>, 950 F.2d 107, 112 (3d Cir. 1991). An effectively conveyed validation notice in this Circuit must instruct debtors accordingly. <u>Caprio</u>, 709 F.3d at 151, 154 (holding that a collection letter implying that the debtor may effectively dispute a debt via writing *or* telephone does "not effectively convey certain statutorily required information" and violates § 1692g (citation omitted)).

Whether language in a collection letter violates the FDCPA is a question of law, interpreted from the perspective of the "least sophisticated debtor." Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011) (quoting Brown v. Card Service Center, 464 F.3d 450, 453 (3d Cir. 2006)). This standard is lower than ordinary reasonableness but still demands a "quotient of reasonableness, a basic level of understanding, and a willingness to read with care." Caprio, 709 F.3d at 149. Accordingly, a consumer's interpretation may invoke § 1692g's protection so long as it is not "bizarre or idiosyncratic." Lesher, 650 F.3d at 997.

The Third Circuit has not explicitly ruled on whether a validation notice mirroring the language of § 1692g effectively conveys a consumer's right to dispute a debt.[2] The Third Circuit has noted in dicta that a validation notice parroting § 1692g, "viewed in isolation… satisfie[s] the statutory scheme" because it does "not threaten or encourage [a consumer] to waive his statutory right to [dispute the debt]." Caprio, 709 F.3d at 149. However, that same validation notice was held invalid when read alongside an invitation to call the debt collector. Id. at 150 ("If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free…or write us at the above address." (emphasis in original)).

District court judges within this Circuit have disagreed on whether the language of § 1692g(a)(3)-(5) is susceptible to misinterpretation by the least sophisticated debtor. Compare Henry v. Radius Global Solutions, LLC, 357 F. Supp. 3d 446, 458 (E.D. Pa. 2019) (Kearney, J.) (finding "[t]he 'least sophisticated debtor' could reasonably interpret [§ 1692g(a)(3)-(4)] to mean she can effectively dispute the debt orally, despite our Court of Appeals in Graziano foreclosing

---

[2] Unifund argues that the Third Circuit's lack of objection to similar validation notices in Jewsevskyj v. Fin. Recovery Servs., Inc, 704 F. App'x 145 (3d Cir. 2017) implies approval. However, the content of the notice itself was not contested in Jewsevski, and the specific issue of whether the language used in Unifund's validation notice effectively conveys the written requirement remains unaddressed in a precedential opinion.

this option") and Guzman v. HOVG, LLC, 340 F. Supp. 3d 526, 532 (E.D. Pa. 2018) (Beetlestone, J.) (reasoning that "[i]f the federal appellate courts have divided on the best reading [of § 1692g(a)(3)-(5)], then surely the least sophisticated debtor would be similarly confused"),[3] with Magana v. Amcol Sys., Civ. No. 17-11541, 2018 WL 2723828, at *3 (D.N.J. June 6, 2018) (Kugler, J.), appeal filed (No. 18-2267) (3d Cir. June 8, 2018) (finding that although the validation notice at issue "is not perfectly clear about what someone needs to do…to dispute a claim," it nevertheless "successfully conveys the writing requirement, even from the perspective of the least sophisticated debtor").

In the absence of binding precedent from the Third Circuit on the subject, this Court declines to hold that Connor's claim must fail as a matter of law. In addition to the fact that the statutory language alone may not effectively convey the proper method of dispute to the least sophisticated debtor, Unifund precedes this language with an invitation to call the office "to address this matter." (Ex. A). The Third Circuit has previously held that an invitation to call may impermissibly overshadow a subsequent validation notice mirroring the language of § 1692g. Caprio, 709 F.3d at 152. Unlike Caprio, Unifund's invitation to call is neither bolded nor in the same sentence as the invitation to dispute the debt in writing. However, its immediate proximity to the validation notice may overshadow the statutory language so as to confuse a least sophisticated debtor, who could interpret "this matter" to encompass the validity of the alleged debt. Such overshadowing violates § 1692g. Id. at 148.

---

[3] Unlike the Third Circuit, the Second, Fourth, and Ninth Circuits have held that § 1692g(a)(3) does not require disputes to be in writing. See, e.g., Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir. 2013); Clark v. Absolute Collection Serv., Inc., 741 F.3d 487, 490 (4th Cir. 2013); Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1081 (9th Cir. 2005).

For the reasons stated above, this Court declines to dismiss Connor's § 1692g claim at this stage. The Motion is therefore denied as to Count II.

**B.    Section 1692e (Prohibiting False, Misleading, and Deceptive Statements)**

Connor further alleges that Unifund's Letter, by including language suggesting a debtor may validly raise a dispute via telephone, makes a "false and misleading representation in violation of § 1692e." (Compl. at ¶ 48). This section prohibits debt collectors from using "any false, deceptive, or misleading representation in connection with the collection of any debt." 15 U.S.C. § 1692e. Unifund argues that "nothing in Unifund's collection letter is false or misleading" because the Letter included, without overshadowing, the language required by § 1692g. (Def.'s Br. at 14-15). Unifund also argues, and Connor does not dispute, that analysis of the § 1692g claim is dispositive of the § 1692e claim because the two claims are based on the same factual allegations, i.e. the same language in Unifund's Letter. (Id. at 15). This Court has previously noted the Third Circuit's recognition of the "close relationship" between the two statutory sections. Womack v. Nat'l. Action Fin. Serv's., No. Civ. A. 06-4935, 2007 WL 2155669 (E.D. Pa. July 25, 2007) (Baylson, J.) (citing Graziano, 950 F.2d at 111). Accordingly, Count I, alleging violations of § 1692e, also survives Unifund's Motion.

**IV.    Conclusion**

For the reasons stated above, Defendant Unifund's Motion to Dismiss (ECF 3) is DENIED.

An appropriate Order follows.

O:\CIVIL 19\19-1375 Connor v Unifund CCR, LLC